168

(C.R.D. 77–7)

G. COSIMANO *v.* UNITED.STATES

Court No. R70/10046

(Dated August 29, 1977)

*Tompkins and Davidson* for the plaintiff.

*Barbara Allen Babcock,* Assistant Attorney General (*Velta A. Melnbrencis,* trial attorney), for the defendant.

## Memorandum Opinion and Order

WATSON, Judge: Plaintiff has moved for summary judgment in this dispute over the value for tariff purposes of certain articles of wearing apparel imported from Hong Kong in 1969 and appraised on the basis of constructed value [1] at 25% above the invoice prices. Plaintiff makes alternative claims of export value [2] and constructed value, both equal to the invoice unit prices.

Most of the articles are items of made-to-order clothing sold by Hong Kong Customs Tailors of Washington, D.C. (hereinafter HKCT) to its customers. HKCT obtained the made-to-order clothing as well as ready-made clothing from Mascot International, Ltd. of Kowloon, Hong Kong, a related company as defined in section 402(g)(2) of the Tariff Act of 1930, as amended.

---

[1] Section 402(d), Tarriff Act of 1930, as amended:

(d) CONSTRUCTED VALUE.—For the purposes of this section, the constructed value of imported merchandise shall be the sum of—

(1) the cost of materials (exclusive of any internal tax applicable in the country of exportation directly to such materials or their disposition, but remitted or refunded upon the exportation of the article in the production of which such materials are used) and of fabrication or other processing of any kind employed in producing such or similar merchandise, at a time preceding the date of exportation of the merchandise undergoing appraisement which would ordinarily permit the production of that particular merchandise in the ordinary course of business;

(2) an amount for general expenses and profit equal to that usually reflected in sales of merchandise of the same general class or kind as the merchandise undergoing appraisement which are made by producers in the country of exportation, in the usual wholesale quantities and in the ordinary course of trade, for shipment to the United States; and

(3) the cost of all containers and coverings of whatever nature, and all other expenses incidental to placing the merchandise undergoing appraisement in condition, packed ready for shipment to the United States.

[2] Section 402(b), Tariff Act of 1930, as amended:

(b) EXPORT VALUE.—For the purposes of this section, the export value of imported merchandise shall be the price, at the time of exportation to the United States of the merchandise undergoing appraisement, at which such or similar merchandise is freely sold or, in the absence of sales, offered for sale in the principal markets of the country of exportation, in the usual wholesale quantities and in the ordinary course of trade, for exportation to the United States, plus, when not included in such price, the cost of all containers and coverings of whatever nature and all other expenses incidental to placing the merchandise in condition, packed ready for shipment to the United States.

Plaintiff bases its motion on the affidavits of HKCT's president (Keswani), Mascot's manager (Aildasani), an officer of a competing importer (Daswani), a partner of the latter's exporter (Lalwani), the plaintiff's customs broker (Cosimano), the responses to interrogatories made by the appraising official (Tyrrell), as well as the customer order forms for the custom-made articles and the invoice, cross referenced to bills for materials and tailoring changes.

Although this represents a considerable mass of information it fails to dispel a number of troubling questions and in the end falls short of demonstrating the absence of issues of material fact.

The error of the appraisement is apparent from the failure to follow the formula contained in section 402(d) of the Tariff Act of 1930, *Ellis Silver Co., Inc.* v. *United States*, 63 Cust. Ct. 647, R.D. 11688, 308 F. Supp. 704 (1969), *aff'd.*, 67 Cust. Ct. 564, A.R.D. 293 (1971), *aff'd*, 60 CCPA 143, C.A.D. 1100, 477 F.2d 946 (1973). See also, *United States* v. *A. N. Deringer, Inc.*, 46 Cust. Ct. 762, 768, A.R.D. 127 (1961), *appeal dismissed* 48 CCPA 169 (1961). The remainder of plaintiff's burden of proof, however, is not satisfied. As regards the claim of export value, the most basic considerations are left in a confused state. If, as appears to be the case, HKCT is a selected purchaser, it must prove the price it paid fairly reflected the market value of the merchandise. This is not accomplished by reference to the prices prevailing in the selected purchaser relationship between the competing firms represented by Daswani and Lalwani. There is no reason to believe those prices represent market value any more than the ones in dispute.

In the same vein, export value is not proved by showing the prices were 20% more than Mascot's costs. This is a variant of constructed value and is not the proof of price in the export market required by *J. L. Wood* v. *United States*, 62 CCPA 25, C.A.D. 1139, 505 F.2d 1400 (1974).

To the extent the ready-made garments may be subject to separate consideration and conceivably possessed an export value based on their price being one at which such or similar merchandise was freely sold in Hong Kong for export to the United States within the meaning of section 402(b) of the Tariff Act of 1930, as amended, plaintiff's motion is deficient in proof of the price at which they may have been freely sold. Here too a simple showing that Mascot bought the ready-made articles on the Hong Kong wholesale market and sold them to HKCT at a price 20% higher is not proof of the price of such or similar merchandise *for export to the United States*.

The proof based on the conduct of the competing importer and exporter is triply deficient. First, the statements made as to the

similarity of the competitor's prices are unpersuasive considering the multiplicity of articles, the time elapsed since exportation, the variations in prices of the articles in dispute due to such things as special linings, sweat pads and relative size of garment, and the lack of substantiation from the competing deponent's invoices. Second, the focus of the affidavits is not on the prices themselves but on the *method* of pricing, i.e., the addition of about 20% of whatever were the exporter's costs. Third, even assuming the existence of firm proof as to the similarity of the prices in transactions between competitors, because the competing importer was a selected purchaser, the prices it paid are not persuasive proof of the market value of these articles.

In addition to these problems there exists a question as to exactly what constitutes the market for export to the United States for this type of merchandise, a point with consequences for proof of export value or constructed value. Plaintiff evidently takes the position that sales in quantities of 15 articles or more constitute the limiting characteristics of the relevant market. However, since these are sales of 15 different articles the question arises as to whether lumping them together creates a meaningful distinction from the market in which one article is sold at a time. The existence of a broader market than that envisaged by plaintiff would require a corresponding enlargement of its proof with respect to both export and constructed value.

In general plaintiff's supporting material appears to be somewhat better adapted to proof of constructed value than export value. However, in this area too, for a variety of reasons, it fails to support the granting of a motion for summary judgment. For some articles the elements of constructed value are not supplied at all. For others, either cost of materials or tailoring cost is missing. In no instance is there a separate calculation of the cost of containers and other expenses incidental to readying the merchandise for shipment to the United States. In addition the problem of whether Mascot and its competing exporter represent the entire class of those who sell such merchandise by virtue of their purported sales in quantities of 15 articles leaves open the question of just how broad need be the inquiry under section 402(d)(2) to determine the element of general expenses and profit in sales of merchandise of the same general class or kind.

In sum, this motion raises more questions than it answers and does not provide sufficient evidence to warrant the granting of summary judgment on either of the alternative claims.

For the above reasons, it is

ORDERED, that plaintiff's motion for summary judgment be, and the same hereby is, denied.